

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas National Guard Armory Board
Room 627 Fort Worth Club Bldg.
Fort Worth, Texas

Dear Sir:

Attention: Mr. C. W. Nimon,
Secretary.

Opinion No. O-1761
Re: Effective date of initial
term of members of Texas
National Guard Armory
board, under the provis-
ions of S. B. 326, 46th
Legislature; (2) May a
member of such Board oc-
cupy at the same time the
position of member of the
Board and the office of
Executive Secretary of
the Board?

By your letter of December 4, 1939, you request
the opinion of this department upon the following ques-
tions:

1. Under the provisions of Senate Bill 326,
passed by the 46th Legislature, General C. V. Birkhead
qualified early in May, 1939, for a two-year initial
term. You desire to be informed as to the effective
date of the initial term of General Birkhead.

2. You refer to the fact that Brigadier General
C. W. Nimon, being the Senior Active Officer, will be cer-
tified to the Adjutant General for appointment to fill the
place by the resignation of General Birkhead. You state
that General Nimon now occupies the position of Executive
Secretary of the Board. You desire to be informed whether
General Nimon can occupy at the same time the position of
member of the Texas National Guard Armory Board and the
office of Executive Secretary of the Board.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ___

Senate Bill 326, Acts of the 46th Legislature, regular session, passed by both houses of the Texas Legislature, carried an emergency clause, and both houses of the Legislature, in passing the Act, observed the requirements imposed by Art. 3, Sec. 39, of our Constitution, regarding the passage of emergency measures. The Act, therefore, became effective as a law on May 1, 1939, the date upon which it was approved by the Governor of the State of Texas.

Sec. 1 of S. B. 326 provides as follows:

"There is hereby created the Texas National Guard Armory Board to be composed of five members who shall serve without compensation other than their actual, necessary expenses while traveling on the business of the Board. Those three individuals who are acting as members of the Texas National Guard Armory Board as created and defined by Chapter 366 of the regular session of the 45th Legislature of the State of Texas on the effective date of this Act, together with the Senior Active Officer of the National Guard of Texas, not of the three above-mentioned, and the Senior Cavalry Officer of said Guard, shall constitute the initial membership of the Board created by this Act. Of the three individuals first above mentioned, the oldest shall have the initial term of six years, the next oldest the four year, and the youngest of the three the two year initial term. Of the other two members, the Cavalry Officer shall have the three year term, and the other the one year term. All such initial terms shall date from the date this Act becomes effective. Except as above provided, the terms of membership on said Board shall be of six years duration."

Since the Act became effective on May 1, 1939, the initial terms of the offices of the Texas National Guard Armory Board date from May 1, 1939. A delay in qualifying for the office does not defer the beginning of the "term" of the "office", but merely postpones the filling of the office. The term of the "office" began on May 1, 1939; but the term of the "officer", Gen. Birk-

head, began when he qualified to act as such "officer"
for the balance of the term of the "office"

The Act, in prescribing the powers and duties
to be exercised by the Board, provides, in Sec. 2, Sub-
section (d), that the Board shall have the power;

"To appoint, employ and pay and
dismiss an Executive Secretary, and, also,
such other officials, counsel, lawyers,
agents and employees as may be necessary
to carry out the objects, purposes and du-
ties of the Board, and to prescribe their
duties and fix their compensation."

S. B. 427, Acts of the 46th Legislature, regu-
lar session, the Departmental Appropriation Bill, provides
the following item of appropriation for the Texas National
Guard Armory Board;

"1.   Secretary . . . . . . $2400.00"

Answering your second question, we quote from
our opinion No. O-410, of date March 15, 1939, as follows:

"The general rule touching on the
subject in question, in the absence of stat-
utes bearing on the same, is set forth in
Vol. 46, p. 940, C. J., as follows:

"'It is contrary to the policy
of the law for an officer to use
his official appointing power to
place himself in office, so that,
even in the absence of a statutory
inhibition, all officers who have
the appointing power are disquali-
fied from appointment to the offi-
ces to which they may appoint; nor
can an appointing board appoint one
of its members to an office, even
though his vote is not essential
to a majority in favor of his ap-
pointment, and although he was not
present when the appointment was
made, and notwithstanding his term
in the appointing body was about to
expire; nor can the results be ac-

complished indirectly by his resignation with the intention that his successor shall cast his vote for him.'

"Holding that a county judge was not eligible to accept compensable employment as attorney for the county of which he was judge, the Supreme Court in Ehlenger v. Clark, 8 S.W. (2) 666, said:

"'It is because of the obvious impossibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint. 29 Cyc. 1381; 22 R.C.L. 414, Sec. 56.'"

Sec. 1 of S. B. No. 326 provides that the members of the Texas National Guard Armory Board shall serve without compensation other than their actual, necessary expenses while traveling on the business of the Board. Sec. 2 of the above Act, Subsection (d), authorizes the Board to appoint, employ and pay and dismiss an Executive Secretary. There is nothing in the Act indicating that the Legislature intended to authorize the Armory Board to appoint and employ one of its own members to serve as Executive Secretary, so that the rule of law and the authorities cited in the above quotation applies with full force.

In answer to your second question, therefore, you are advised that General Nixon cannot occupy at the same time the position of member of the Texas National Guard Armory Board and the office of Executive Secretary of said Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

R. W. Fairchild
Assistant

RWF-MR APPROVED DEC 13, 1939    By

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN